# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **REMARIO VINSON,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **V.** | |
| **PUBLIX SUPER MARKETS, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

COMES NOW Plaintiff, Remario Vinson ("Plaintiff" or "Mr. Vinson"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Publix Super Markets, Inc. ("Defendant" or "Publix"), stating as follows:

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-III of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).

2. This Court has jurisdiction over the parties of this action because the employment practices described herein took place in Gwinnett County, Georgia.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4.      Plaintiff received his Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days prescribed. *Exhibit 1.*

## II. PARTIES

5.      Plaintiff is a citizen of the United States and a resident of Georgia.

6.      Defendant is a corporation registered to conduct business in the State of Georgia.

7.      Defendants may be served through its registered agent, Corporate Creations Network, Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

8.      Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

9.      Defendant is subject to the requirements of the ADA.

## III. FACTUAL ALLEGATIONS

10.     Plaintiff began employment with Defendant in 2010.

11.     At all times relevant to this matter, Plaintiff worked for Defendant as a Warehouse Selector.

12.     Beginning in 2016, Plaintiff took intermittent medical leave due to a back injury.

13.    As a result of Plaintiff's back condition, he had episodes where he was substantially limited in his ability to walk, lift, and twist.

14.    On or around August 24, 2018, Plaintiff injured his back at work, significantly worsening his back condition.

15.    Plaintiff reported his injury to Defendant that same day.

16.    Defendant referred Plaintiff to a physician.

17.    The physician recommended that Plaintiff be placed on light duty with limited lifting and no bending or stooping.

18.    Plaintiff returned to work a week after his injury and was assigned light duty jobs like sweeping and cleaning.

19.    Plaintiff is licensed as a forklift operator.

20.    Plaintiff could have performed the essential functions of a forklift operator position while under his medical restrictions.

21.    Defendant had open forklift operator positions at the time Plaintiff was on light duty.

22.    In December 2018, Plaintiff received an Epidural Steroid Injection shot and was told that if this shot did not clear up his pain, he would likely need surgery.

23.    When the pain did not cease by early January 2019, Plaintiff was scheduled for a second Cortisone shot later that month.

24.    Upon information and belief, in January 2019, Defendant reviewed Plaintiff's medical records.

25.    Upon information and belief, Defendant remained informed regarding Plaintiff's back condition and the treatment thereof at all times relevant to this matter.

26.    Defendant terminated Plaintiff on January 24, 2019.

27.    Plaintiff continued to work for Defendant on light duty until his termination.

28.    Prior to termination, Defendant did not ask Plaintiff how long he would need to remain on light duty.

29.    Prior to termination, Defendant did not tell Plaintiff that it did not have light duty work available.

30.    Defendant never indicated that Plaintiff's light duty work assignments posed an undue burden on its business operations.

31.    Defendant failed to offer any alternative accommodations to Plaintiff.

## IV. CLAIM FOR RELIEF

## COUNT I

## ADA DISCRIMINATION

32.    Plaintiff incorporates by reference paragraphs 1-31 of his Complaint as if fully set forth herein.

33.     Plaintiff is a qualified individual with a disability.

34.     Plaintiff had a record of disability as defined by the ADA.

35.     Defendant was aware of Plaintiff's disabling condition and his record of disability.

36.     Defendant also regarded Plaintiff as disabled.

37.     Plaintiff suffered the adverse action of termination.

38.     The circumstances of Plaintiff's termination serve as evidence that the adverse action was causally connected to Plaintiff's disability.

## COUNT II

## ADA FAILURE TO ACCOMMODATE

39.     Plaintiff incorporates by reference paragraphs 1-31 of his Complaint as if fully set forth herein.

40.     Plaintiff is a qualified individual with a disability.

41.     Plaintiff had a record of disability as defined by the ADA.

42.     Defendant was aware of Plaintiff's disabling condition and his record of disability.

43.     Plaintiff requested the reasonable accommodation of light duty.

44.     Defendant was aware of Plaintiff's disabling condition and of his need for an accommodation.

45.     Defendant failed to properly engage in the interactive process and then terminated Plaintiff while he was on light duty.

46.     Defendant unreasonably denied Plaintiff's accommodation.

## COUNT III

## ADA RETALIATION

47.     Plaintiff incorporates by reference paragraphs 1-31 of his Complaint as if fully set forth herein.

48.     Plaintiff engaged in protected activity when he sought medical treatment for his disability and worked on light duty as an accommodation for his disability.

49.     Defendant terminated Plaintiff, which constitutes the adverse action.

50.     Defendant's decision to terminate Plaintiff constitutes unlawful retaliation for Plaintiff's enjoyment of rights protected by the ADA.

51.     Defendant's decision to terminate Plaintiff constitutes unlawful interference with  Plaintiff's enjoyment of rights protected by the ADA.

52.     Causation can be established by the temporal proximity between Plaintiff's protected activity and his termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a.  Trial by jury;

b.  A finding that Defendant violated Plaintiff's rights as set forth herein;

c.  Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the ADA; and

d.  Any other relief this Court deems proper and just.

Respectfully submitted this 16th day of February, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

/s/Evan P. Drew
Evan P. Drew
Georgia Bar No. 747996.
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
epd@kirbygsmith.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.


Respectfully submitted this 16th day of February, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

/s/Evan P. Drew
Evan P. Drew
Georgia Bar No. 747996.
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
epd@kirbygsmith.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

Respectfully submitted this 16th day of February, 2022.

/s/Evan P. Drew
Evan P. Drew
Georgia Bar No. 747996.
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
epd@kirbygsmith.com

*Attorneys for Plaintiff*